# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| BRUCE ISENOR, Petitioner, | * | No. 19-1996V Special Master Christian J. Moran |
| v. | * | Filed: June 30, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Attorneys' Fees and Costs |

Kathleen M. Loucks, Lommen Abdo Law Firm, Minneapolis, MN, for Petitioner; Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Bruce Isenor's motion for final attorneys' fees and costs. He is awarded **$53,499.53**.

* * *

On December 30, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the Prevnar 13 and tetanus vaccines he received on November 19, 2018, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome. On June 15, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on June 17, 2021. 2021 WL 2774950.

On July 9, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $49,630.00 and attorneys' costs of $8,912.59 for a total request of $58,542.59. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. at 69. On August 2, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

* * *

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following hourly rates for the work of his counsel, Ms. Kathleen Loucks: $360.00 per hour for work performed in 2019, $362.00 per hour for work performed in 2020, and $365.00 per hour for work performed in 2021. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Fey v. Sec'y of Health & Human Servs., No. 15-519V, 2020 WL 1896697, at *2 (Fed. Cl. Spec. Mstr. Mar. 5, 2020).

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that a small reduction is necessary due to an excessive amount of paralegal time billed on certain tasks, such as preparing *pro forma* documents such as notices of filing documents and exhibit lists. Additionally, paralegals frequently billed time for clerical tasks, such as filing documents. Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).A more general issue is that all paralegal billing entries were billed for a minimum of 0.2 hours. In the undersigned's experience, it would not

take a minimum of twelve minutes to perform all the tasks that were billed for. For example, 0.2 hours was consistently billed to file documents. Even assuming such a task was compensable, it should not take twelve minutes to file a status report. Nor should it take twelve minutes for every e-mail communication made. This has led to an excessive number of paralegal hours billed.

Thus, in order to achieve "rough justice" the undersigned will reduce the final award of fees by $4,093.06, representing a reduction of twenty percent of the billed paralegal hours. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). Petitioner is therefore awarded final attorneys' fees of $45,536.94.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $8,912.59 in attorneys' costs. This amount is for acquisition of medical records, the Court's filing fee, postage, and work performed by petitioner's life care planner, Ms. Linda Graham. Fees App. at 33-34.

Ms. Graham has billed her time at an hourly rate of $250.00 per hour for 20 hours of work. Although the number of hours billed is reasonable, Ms. Graham's requested rate requires further discussion. Previously, when Ms. Graham has performed work for Vaccine Program litigants, she has billed at and been awarded $200.00 or $225.00 per hour. Renaud v. Sec'y of Health & Human Servs., No. 14-04V, 2019 WL 2498772, at *5, 7 (Fed. Cl. Spec. Mstr. May 23, 2019). More broadly, $250.00 per hour is higher than what life care planners typically bill at and have been awarded. See, e.g., Shahbazian v. Sec'y of Health & Human Servs., No. 18-1580V, 2021 WL 5027384, at *2 (Fed. Cl. Spec. Mstr. Sept. 29, 2021) (life care planner billed at and paid $125.00 per hour); Peters v. Sec'y of Health & Human Servs., No., 2021 WL 4269915, at *3 (Fed. Cl. Spec. Mstr. Aug. 20, 2021) (paying life care planner $195.00 per hour when she billed at $225.00 per hour because she had previously billed at and been awarded the lower rate and petitioner offered no justification for an increased hourly rate).

In the instant case, petitioner has offered no justification supporting an hourly rate of $250.00 for Ms. Graham. Although the undersigned is not ruling that $250.00 per hour is a *de facto* unreasonable rate for a life care planner, awarding such a rate would require petitioner to make an evidentiary showing supporting the

rate which is not present here. There is no info on Ms. Graham's credentials, such as her CV or number of Vaccine Program cases worked on, that might permit the undersigned to better assess her quality. Accordingly, the undersigned will compensate Ms. Graham's work at $225.00 per hour.

A second issue is that Ms. Graham has billed 4.0 hours on "travel time and interview time with Mr. Isenor at his home". Fees App. at 60. The Vaccine Program has consistently awarded travel time at one half of a professional's typical hourly rate absent a showing that case specific work was being performed while traveling. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. Jul. 25, 2011). Because Ms. Graham has not indicated how much of the four hours was for travel versus how much was for interviewing Mr. Isenor, the undersigned will compensate all this time at one half of Ms. Graham's rate. Therefore, a reasonable amount for Ms. Graham's work in this case is $4,050.00.

The remainder of the costs have been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final costs of $7,962.59.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$53,499.53** (representing $45,536.94 in attorneys' fees and $7,962.59 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Ms. Kathleen Loucks.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.